# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:24-CV-00989-RMR-TPO**

**MATTHEW LEWIS, on behalf of himself,**
**and similarly situated employees,**

**Plaintiff,**

**v.**

**EAGLE COUNTY GOVERNMENT,**

**Defendant.**

---

**COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT**

---

Plaintiff, individually and on behalf of all similarly situated employees, files this Complaint against Defendant EAGLE COUNTY GOVERNMENT, and states as follows:

## NATURE OF THE ACTION

1. This is a collective action lawsuit brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), against Eagle County, Colorado ("Defendant") to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs.

2. Defendant has willfully misclassified a group of employees, including those performing Aircraft Rescue and Firefighting (ARFF), airport operations and maintenance duties, as exempt from overtime pay under the 29 U.S.C. § 207(k) firefighter exemption, despite the fact that firefighting duties do not comprise more than 80% of their job responsibilities.

3. For at least three years prior to the filing of this action and continuing through the date of this action, Eagle County has devised and implemented general policies and practices

to deprive these employees of the compensation to which they are entitled.

4. Defendant failed to properly compensate these employees for hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207(a), entitling Plaintiffs to damages.

## JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

Similarly, Plaintiff and all similarly situated employees, worked in Eagle County, Colorado and fall within the protections of the FLSA.

6. Venue is proper in the District of Colorado under 28 U.S.C. § 1391(b), as Defendant is a political subdivision of the State of Colorado and operates in this district.

## PARTIES

7. Plaintiff and others similarly situated incorporate herein by this reference the allegations contained in Paragraphs 1 through 6 of this Complaint as if set forth verbatim.

8. At all times pertinent hereto, Class Representative Plaintiff Matthew Lewis was a citizen of the United States of America and a resident of the State of Colorado with a residential address of 3059 Blazing Lane, Highlands Ranch, Colorado 80126.

9. Plaintiff Lewis is a current employee of Eagle County who worked in the capacity described herein within the last three years. Plaintiff regularly worked more than 40 hours per week. His firefighting duties did not comprise more than 80% of his job responsibilities and he was not paid overtime wages as required by law.

10. Defendant Eagle County, Colorado is a political subdivision of the State of Colorado and the employer of Plaintiff under the meaning of the FLSA. Defendant operates an airport where the

relevant employees perform dual roles, including ARFF, airport operations and maintenance functions.

11. Plaintiff brings this action on behalf of himself and all similarly situated current and former employees of Eagle County who were employed in a similar position and were subject to Defendant's unlawful pay practices during the applicable statutory period.

## FACTUAL ALLEGATION

12. Plaintiff and others similarly situated incorporate herein by this reference the allegations contained in Paragraphs 1 through 11 of this Complaint as if set forth verbatim.

13. Defendant employs airport operations personnel whose job titles and descriptions include both firefighting and non-firefighting duties such as runway maintenance, snow removal, administrative tasks regarding airport operations, FAA and TSA inspections, and airport security functions.

14. Plaintiff and all others similarly situated were classified as exempt employees.

15. At all times material hereto, Class Representative Lewis, and other similarly situated were performing their duties for the benefit of and on behalf of Defendant.

16. These employees routinely work more than 40 hours per week, including rotating shifts, weekends, and holidays.

17. Plaintiff and others similarly situated operate under a 34/96 shift rotation, which requires them to work 17 consecutive hours on duty followed by a mere 7-hour-off-duty period. While this schedule is acceptable to the employees, they are not paid for the overtime they incur.

18. During this short off-duty break, Plaintiff and others similarly situated must vacate the premises entirely due to the lack of on-site rest facilities, forcing many to incur personal costs for temporary housing to obtain rest.

19. Defendant Eagle County is a political subdivision of the State of Colorado and qualifies as a public agency under 29 U.S.C. § 203(x). Accordingly, its employees may only be exempt under Section 207(k) of the FLSA if they are primarily engaged in fire protection activities as defined by 29 U.S.C. § 203(y).

19. Despite performing non-firefighting duties for more than 20% of their time, Defendant classifies these employees under the § 207(k) exemption intended for employees primarily engaged in firefighting activities, thereby avoiding the obligation to pay overtime wages.

20. The non-firefighting duties include runway and perimeter inspections, airport operations support, wildlife hazard mitigation, snow removal, passenger assistance, security monitoring, vegetation control, and other maintenance tasks—many of which are not incidental to—or performed in conjunction with, fire protection activities defined in 29 U.S.C. §203(y) and 29 C.F.R.§ 553.212.

21. On average, Plaintiff and other similarly situated employees spend most of their working time on these non-firefighting operational duties, far exceeding the 20% threshold permitted under the FLSA for maintaining the Section 7(k) exemption.

22. Employees are not compensated at the legally required rate of one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

23. Defendant has previously been made aware of its obligations under the FLSA, including but not limited to complaints regarding illegal meal break deductions that were subsequently remedied with backpay. Despite this awareness, Defendant failed to reassess its classification and compensation practices with respect to ARFF employees, demonstrating a willful disregard of the Act.

24. Defendant's misclassification and failure to pay overtime compensation is willful and constitutes a knowing violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff and other similarly situated incorporate herein by this reference the allegations contained in Paragraph 1-24 of this Complaint as if set forth verbatim.

26. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of:

> "All current and former employees of Eagle County, Colorado, who performed firefighting and non-firefighting duties, were classified as subject to the 29 U.S.C. § 207(k) exemption, and who were not paid overtime compensation for hours worked over 40 in a workweek, at any time within the last three years."

27. Plaintiff and other similarly situated employees are "similarly situated" within the meaning of 29 U.S.C. § 216(b), because they:

- Held similar job titles;
- Performed substantially similar duties;
- Were subject to the same pay policies and practices;
- Were denied overtime pay as a result of the same misclassification.

28. Plaintiff Lewis has executed a written consent to join this action under 29 U.S.C. § 216(b), which is being filed contemporaneously with this Complaint.

## COUNT ONE-VIOLATION OF THE FLSA (29 U.S.C §§ 207, 216(b))

29. Plaintiff realleges and incorporates all preceding paragraphs.

30. Defendant violated the FLSA by failing to pay Plaintiff and similarly situated employees proper overtime compensation for all hours worked over 40 in a workweek.

31. Defendant's violations were willful and not based on good faith.

32. As a result of Defendant's unlawful pay practices, Plaintiff and the collective are entitled to:

- Unpaid overtime wages;

- An equal amount in liquidated damages;

- Attorneys' fees and costs;

- Pre- and post-judgment interest.

## COUNT TWO DECLARATORY JUDGMENT (28 U.S.C §§ 2201-2202)

33. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 34 as if fully set forth herein.

34. An actual controversy exists between the parties concerning the rights of Plaintiff and similarly situated employees under the Fair Labor Standards Act, specifically whether Defendant's classification of Plaintiff and similarly situated ARFF personnel as exempt employees under 29 U.S.C. § 207(k) is lawful.

35. Plaintiff contends that he and other similarly situated employees are non-exempt under the FLSA, and that they regularly performed more than 20% of their work hours on non-fire protection activities, thus disqualifying Defendant from applying the Section 207(k) exemption.

36. Defendant disputes this contention and has failed to reclassify the affected employees or pay them overtime wages accordingly.

37. Pursuant to 28 U.S.C. § 2201, Plaintiff and the collective seek a judicial declaration that they are not exempt under 29 U.S.C. § 207(k), and that Defendant's failure to pay overtime for hours worked in excess of 40 per workweek violates the FLSA.

38. Pursuant to 28 U.S.C. § 2202, Plaintiff also seeks such further relief as the Court deems proper, including but not limited to equitable relief, injunctive relief, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for the following relief:

A. Certification of this action as a collective action under 29 U.S.C. § 216(b);

B. Issuance of notice to all similarly situated employees;

C. A judgment against Defendant for unpaid overtime compensation;

D. Liquidated damages in an equal amount;

E. Attorneys' fees and costs;

F. Pre- and post-judgment interest; and

G. Any other relief deemed just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated this 23rd day of July, 2025.

Hardin Thompson, P.C.

*/s/ Sara A. Green*
2301 Blake Street, Suite 100
Denver, Colorado 80205
813-940-8118
sgreen@hardinlawpc.net