# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02269-NYW-NRN

MATTHEW LEWIS, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

EAGLE COUNTY GOVERNMENT,

    Defendant.

---

## MINUTE ORDER

**Entered by Judge Nina Y. Wang**

    This matter is before the Court on Defendant's Unopposed Motion for Attorneys' Fees. [Doc. 34]. On November 14, 2025, the Court awarded Defendant reasonable attorney's fees pursuant to 28 U.S.C. § 1927. [Doc. 32]. Defendant now seeks fees consistent with that Order and represents that the Parties have stipulated to a fees award of $25,000. [Doc. 34 at 1]. In support of its Motion, Defendant submitted an affidavit from its lead counsel, Colin A. Walker, and the underlying time records associated with its fees. [Doc. 34-1; Doc. 34-2].

    Section 1927 permits an award of attorney's fees "reasonably incurred" because of unreasonable and vexatious litigation conduct. 8 U.S.C. § 1927. The Tenth Circuit has interpreted § 1927 as a compensatory statute, intended to "compensate victims of abusive litigation practices, not to deter and punish offenders." *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1205 (10th Cir. 2008). The *Hamilton* court left it to district courts to choose whether "straight fee recovery" or a "lodestar-limited" approach is the appropriate method for calculating a § 1927 fees award in a given case. *Id.* at 1207.

    Even applying the more restrictive lodestar approach, the Court finds no reason to disturb the fees amount stipulated to by the Parties. The lodestar approach calculates a presumptively reasonable fees award based on "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010). Upon review of the Motion, the attached exhibits, and the record as a whole, the Court concludes that the claimed hours and rates are reasonable, and that the total requested award of $25,000 was reasonably incurred.

    Accordingly, it is **ORDERED** that:

(1) Defendant's Unopposed Motion for Attorneys' Fees [Doc. 34] is **GRANTED**;

(2) Pursuant to 28 U.S.C. § 1927, Plaintiff's counsel Sara A. Green and the law firm of Hardin P.C., jointly and severally, are **ORDERED** to pay Defendant its attorney's fees in the amount of $25,000, on or before February 1, 2026.

DATED:  December 16, 2025